IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LILLAS BECKFORD,                          *
                                          *
              Plaintiff,                  *
                                          *
v.                                        *          Civil No. L-08-2730
                                          *
MICHAEL J. ASTRUE, Commissioner,          *
Social Security Administration,           *
                                          *
              Defendant.                  *
                            **************

**<u>MEMORANDUM</u>**

This is an employment discrimination case. Pro se Plaintiff, Lillas Beckford, alleges that,

while working for Defendant, the United States Social Security Administration ("the Agency"),

she was subjected to a hostile work environment based on her national origin (Jamaican) and that

the Agency failed to promote her to the GS-7 Management Assistant I-920 solely because of her

Jamaican descent. Beckford seeks relief under Title VII of the Civil Rights Act of 1964 (42

U.S.C. § 2000e). The Agency has filed a Motion to Dismiss Beckford's Amended Complaint

(Docket No. 20). The Agency contends that Beckford has failed to establish a *prima facie* case of

discrimination and to rebut the Agency's legitimate nondiscriminatory reasons for its actions.

For the reasons stated herein, the Court will, by separate order, GRANT the motion in

part and DENY the motion in part. As stated below, the Court will dismiss Beckford's hostile

work environment claim. Beckford's failure to promote claim will, however, proceed to

discovery. After discovery, the Agency may test this claim pursuant to a motion for summary

judgment.

## I.  FACTUAL BACKGROUND

Beckford has been employed by the Agency in various capacities since 1987. During the events at issue, Beckford worked as a secretary in the Office of Mail/Braille and Duplicating Operations, Office of Publications Management. As part of her duties, Beckford was assigned to work on time and leave records. According to the Complaint, Beckford was harassed, discriminated against, and "willfully and spitefully overworked" by the Agency for fifteen years.

With respect to her hostile work environment claim, Beckford alleges that in 1992, when the Agency was in the process of being audited, Management inquired where it could find a "good Timekeeper."[1] An unknown agency employee responded "the Jamaican Lady."[2] Beckford further alleges that she was assigned twice as many leave cards as other timekeepers. Beckford claims that as a result of the excessive workload and the allegedly hostile work environment, she has endured mental, emotional, and physical suffering.

Furthermore, in 2001, Beckford was passed over for promotion to a GS-7 Management Assistant I-920 position. She contends that the sole reason for her non-selection to the position was her Jamaican accent. Beckford claims that she was the best qualified employee for the position, and that no references or remarks were made about her Jamaican accent until the opportunity for a promotion to the Management Assistant position arose. Finally, Beckford claims that as a result of her discriminatory non-selection, she has endured mental, emotional, and physical suffering.

---

[1] The precise definition of a timekeeper is unclear. Beckford states that a timekeeper takes each individual employee's name and goes through the "Books/pay-stubs/Leave slips/Sign-In-Sheets for every working day," locating and correcting input errors. The Agency does not recognize a timekeeper position per se, but states that time and leave records maintenance is merely part of Beckford's secretarial duties.

[2] Beckford does not identify who made the alleged statement.

Beckford filed her employment discrimination complaint with the Equal Employment Opportunity Commission ("EEOC"), where an Administrative Law Judge ("ALJ") granted the Agency summary judgment on the harassment/hostile work environment claim. As to Beckford's non-selection claim, the ALJ found that Beckford was discriminated against on the basis of national origin, but concluded that Beckford would not have been promoted even in the absence of said discrimination. On appeal, the Office of Federal Operations[3] affirmed the ALJ's decision. Beckford filed a complaint with this Court on October 16, 2008,[4] which the Agency moved to dismiss. Beckford was granted leave to file an amended complaint and the Agency subsequently moved to dismiss the amended complaint.

## II.      STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead plausible, not merely conceivable, facts in support of her claim. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  The complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 1965.  The court must, however, "assume the veracity [of well-pleaded factual allegations] and then determine whether they plausibly give rise to an entitlement of relief."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

## III.      ANALYSIS

Beckford alleges two independent violations of Title VII. First, she contends that she was subjected to a hostile work environment because of her national origin. Second, she contends that

---

[3] The Office of Federal Operations is the appellate branch of the EEOC.

[4] A district court reviews a Title VII claim *de novo*, meaning that the administrative rulings are given neither preclusive effect (res judicata or collateral estoppel) nor a presumption of validity. A district court is not required to conduct *de novo* review of administrative findings or questions of discrimination that are not contested or alleged by the employee. See Pollard v. Grinstead, 741 F.2d 73, 75 (4th Cir. 1984).

the Agency did not select her for the Management Assistant promotion solely because of her

Jamaican accent. In its motion, the Agency argues that the Court should dismiss both claims, or

in the alternative, that the Court should grant summary judgment for each claim.

### A. Hostile Work Environment

To state a claim for a hostile work environment based on national origin under Title VII,

a plaintiff must show that: (1) she experienced unwelcome harassment; (2) the harassment was

based on her nationality; (3) the harassment was sufficiently severe or pervasive to alter the

conditions of employment and create an abusive atmosphere; and (4) there is some basis for

imposing liability on the employer. See Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761,

756 (4th Cir. 2003). Whether an environment is "hostile" or "abusive" is determined by the

totality of the circumstances, which may include "the frequency of the discriminatory conduct;

its severity; whether it is physically threatening or humiliating, or a mere offensive utterance;

and whether it unreasonably interferes with an employee's work performance." See Harris v.

Forklift Sys., Inc., 510 U.S. 17, 23 (1993).

Beckford cannot establish a claim of hostile work environment because she has failed to

allege facts sufficient to support the second and third prongs of the above test. Beckford's sole

allegations with respect to her hostile work environment claim are that she was assigned the

"tedious project" of making corrections to time and leave cards, and in one instance, was referred

to as "the Jamaican Lady." (Am. Compl. ¶ 1.) Even viewed in the light most favorable to

Beckford, these facts do not describe the type of severe or pervasive activity necessary to

constitute a hostile work environment claim under Title VII. With respect to the alleged

"Jamaican Lady" comment, "simple teasing, offhand comments, and isolated incidents (unless

extremely serious) will not amount to discriminatory changes in the terms and conditions of

4

employment." <u>Faragher v. City of Boca Raton</u>, 524 U.S. 775, 788 (1998). With respect to the alleged tedious assignments, a person's work environment is not hostile merely because her work is boring. Many people have jobs that involve repetitive actions or dry subject matter. Moreover, a federal court cannot serve as a super personnel supervisor adjudicating the wisdom or fairness of individual work assignments. Accordingly, her hostile work environment claim must be dismissed.

## B. Failure to Promote

Beckford's failure to promote claim is subject to the <u>McDonnell Douglas</u> three-step burden shifting framework. <u>See</u> <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802-03 (1973). First, absent direct evidence of discrimination, the plaintiff has the burden of establishing a *prima facie* case of discrimination. <u>Id.</u> at 802. In order to establish a *prima facie* case of disparate treatment based on a failure to promote, a plaintiff must demonstrate "that (1) she is a member of a protected class; (2) her employer had an open position for which she applied or sought to apply; (3) she was qualified for the position, and (4) she was rejected for the position under circumstances giving rise to an inference of unlawful discrimination." <u>See</u> <u>Evans v. Techs. Applications & Serv. Co.</u>, 80 F.3d 954, 959-960 (4th Cir. 1996). Establishment of the *prima facie* case creates a presumption of unlawful discrimination. <u>See</u> <u>Tex. Dept. of Cmty. Affairs v. Burdine</u>, 450 U.S. 248, 253 (1981). Second, if the plaintiff succeeds in establishing a *prima facie* case, the burden shifts to the defendant to produce evidence that plaintiff's non-promotion occurred for legitimate, nondiscriminatory reasons. <u>See</u> <u>McDonnell Douglas Corp.</u>, 411 U.S. at 802. Third, if the defendant produces such evidence, the burden then shifts back to the plaintiff, which must prove that the legitimate reasons stated by the defendant "were not its true reasons, but were a pretext for discrimination." <u>See</u> <u>Burdine</u>, 450 U.S. at 254.

Here, Beckford succeeded in establishing a *prima facie* case of disparate treatment.

Beckford is a member of a protected class because of her Jamaican nationality, she was qualified

for the Management Assistant position, and a person outside of her protected class was selected

for the position. In its reply brief, the Agency provided nondiscriminatory reasons explaining

why the selected person was better qualified for the position (Def.'s Reply Br. 16-18). In brief,

the Agency maintains that Beckford was one of six applicants placed on the best qualified list

("BQL"). After interviewing all applicants on the BQL, the Agency concluded that Lisa Venable

was the most exceptional candidate. The Agency points to the facts that Beckford was not fluent

in the software used in the management assistant position and that her responses during the

interview were incomplete and unfocused. Beckford has, however, provided facts to support her

allegations of discriminatory intent by stating that references/remarks were made concerning her

Jamaican accent in relation to her non-selection. Assuming, as the Court must, that these factual

allegations are true, Beckford has stated a plausible claim on which relief can be granted. The

face of the complaint alleges sufficient facts to show that pretext is possible. Therefore, the

Agency's contention that Beckford fails to state a claim on which relief can be granted, with

respect to the failure to promote claim, fails.

Because Beckford has made out a *prima facie* case under the McDonnell Douglas burden

shifting framework, and because her accent appears to be, in part, a factor in determining the

promotion, the case will proceed to discovery.[5] The merits of Beckford's claim will again be

tested at the motion for summary judgment stage after the facts have been fully discovered.

Accordingly, the Court denies the Agency's motion with respect to Beckford's failure to promote

claim.

---

[5] Because Beckford has not yet conducted discovery, the Court concludes that a summary
judgment analysis is premature.

**IV.    CONCLUSION**

For the foregoing reasons, the Court will, by separate order: (1) grant the Agency's motion with respect to the hostile work environment claim; (2) deny the Agency's motion with respect to the failure to promote claim; and (3) deny the Agency's motion for summary judgment without prejudice because of its prematurity.  The Agency may re-file a motion for summary judgment after the completion of discovery.

Dated this 1st day of June, 2010.

_____/s/_____

Benson Everett Legg
United States District Judge
